UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BERNARD BASHUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-3255 |
| | ) | |
| BRITTANY GREENE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that prison medical staff ignored his requests for medical and dental treatment for several months. Plaintiff alleges that once seen for an infected tooth, medical staff prescribed antibiotics and pain medication. Plaintiff alleges that Defendant Catino, the dentist, removed his infected tooth in "a reckless and violent manner" that caused a portion of his tooth

to remain in his gums and his jaw to hurt and make a popping noise. Plaintiff alleges that he refused Defendant Catino's offer to remove the remaining part of the tooth and that Defendant Catino denied his request to see an outside dentist. Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious dental need against Defendant Catino. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

Regarding the other named defendants, Plaintiff alleges that he wrote several emergency grievances regarding his medical and dental care. According to the grievances Plaintiff provided, Defendant Greene directed grievance officials to expedite review of Plaintiff's dental grievances filed in April 2022, June 2022, July 2022, and November 2022, and Plaintiff's asthma-related grievances filed in June 2022, November 2022, and December 2022. (Doc. 1-1 at 5, 9, 13, 17, 28-29, 34, 37). Defendant Greene directed expedited review of Plaintiff's shoulder-pain-related grievances filed in November 2022 and December 2022. *Id.* at 52, 54, 56. The grievance officer did not respond to the expedited grievances for one-to-four months, ultimately recommending denial of the grievances based upon Defendant Ashcraft's summary of the medical care Plaintiff had received. *Id.* at 3-4, 8, 12, 16, 27, 31, 33, 36, 43, 49, 50-51. Defendant Greene concurred with these recommendations. *Id.*

Plaintiff's complaint and attached exhibits do not permit a reasonable inference that Defendants Greene and Ashcraft caused or contributed to any delays in receiving treatment he may have experienced. Defendant Greene directed grievance officials to conduct expedited reviews of Plaintiff's complaint shortly after he filed the grievances, and Plaintiff cannot hold her responsible if other officials failed to review his grievances in a diligent manner. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[N]o prisoner is entitled to insist that one employee do another's job."). Defendant Greene's and Ashcraft's involvement in the grievance

process thereafter does not support a constitutional claim. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). The Court finds that Plaintiff fails to state a claim against these defendants.

**Plaintiff's Motion for Preliminary Injunction (Doc. 6)**

Plaintiff requests a court order expediting his approved transfer to a different prison. He alleges that he needs outside medical treatment for his injured shoulder, but that a request for same would result in a medical hold that would delay the transfer. Plaintiff expects prison officials at his current facility to retaliate against him because he filed this lawsuit.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) limits the scope of the court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the

least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (internal quotation marks and citation omitted)).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require an affirmative act by the defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action. *Id.* (citing *Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978)).

Plaintiff's shoulder issues are unrelated to the claims Plaintiff stated in his complaint, and, absent that relationship, the Court lacks authority to grant injunctive relief. *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). The officials presumably responsible for facilitating Plaintiff's transfer are not defendants in this lawsuit. Plaintiff has not presented evidence outside of speculation that an expedited transfer will result in better and/or faster medical treatment, and the type of specific relief Plaintiff seeks infringes upon on the wide latitude courts grant prison officials to solve problems within their facilities. *Rasho v. Jeffreys*, 22 F.4th 703, 712-13 (7th Cir. 2022) (injunction that defined how prison officials should address a particular problem violated the PLRA's least-intrusive-means requirement). Plaintiff's motion is denied.

**Plaintiff's Motion to Request Counsel (Doc. 5)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff indicates that he completed only grammar school, that his painful shoulder makes it difficult to write, and that he has terrible penmanship. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1.     Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious dental need against Defendant Catino. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**2.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**3.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

> 4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.
>
> 5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.
>
> 6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.
>
> 7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.
>
> 8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.
>
> 9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).
>
> 10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.
>
> 11. The clerk is directed to terminate Brittany Greene and Ashcraft as defendants.

    **12.**    **The clerk is directed to attempt service on Defendant Catino pursuant to the standard procedures.**

    **13.**    **Plaintiff's motion [5] is DENIED with leave to renew.**

    **14.**    **Plaintiff's motion [6] is DENIED.**

Entered this 12th day of October, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE